LOWENSTEIN (PENNINGTON v.). See Case No. 10,938.

---

## Case No. 8,576.

### In re LOWENSTONE.

[2 Cent. Law J. 349.] [1]

District Court, E. D. Missouri. May, 1875. [2]

LIMITATION OF ONE YEAR AS TO APPLICATION FOR DISCHARGE IN BANKRUPTCY.

The limitation of one year in section 5108 of the Revised Statutes (old section 29), was not repealed by the act of 1874; and a party, who was not entitled to his discharge prior to the act of 1874, can not claim that fact as an excuse for his failure to apply for his discharge within the year. and avail himself of the less stringent provisions of the amended act.

In bankruptcy.

TREAT, District Judge. Early in 1872, Lowenstone, was, on his own petition, adjudicated a bankrupt. Under the act of congress, as it then stood, his application for discharge should have been made within a year. He could not procure the needed assent of his creditors; and knowing that fact, he made no application. Subsequent to the act of 1874 he proceeded to procure the assent of the smaller number designated by that act, then filed his petition for discharge, and had the same, in the usual course of business, referred to the register. At the meeting of creditors, called for the purpose, some of the creditors entered opposition, and filed specifications based on supposed frauds by the bankrupt, and also upon alleged fraudulent representations, by means of which the assent of creditors was procured. The first enquiry is as to his right, after the year, to be heard at all. Judge Dillon, in Re Donaldson [Case No. 3,-982], held that the limitation of the act was not absolute; but that the bankrupt, if satisfactory excuse was shown for failure to apply within the year, might make his application subsequently. That decision was made before the recent amendments. It would be no valid or satisfactory excuse to show that he could not procure the legal assent of his creditors; for if that assent was not to be had, he could not be discharged; and therefore the excuse would be simply that he was not entitled to his discharge. But it is now urged that, not having applied at all, for the reason stated, prior to June, 1874, the recent amendments entitle him now, on an applica-

---

[1] [Reprinted by permission.]
[2] [Affirmed in Case No. 8,573.]

tion since filed, to the more favorable terms prescribed by those amendments. despite the limitation of one year. To so rule, would be to hold that the act of 1874 repealed the limitation of one year, although nothing to that effect appears in the amendatory act. That limitation is still in force in all cases to which it applies. A voluntary case, instituted since that act, is within the year rule. There is nothing repealing, or rescinding it either as to past or future adjudications. Had the bankrupt applied within the year, and his application been pending when the amendments went into effect, a difficult proposition might have arisen as to the rule to govern such a case. But the question under consideration does not fall within such an enquiry. It is merely whether a bankrupt in 1872, who, knowing he could not comply with the acts of congress which limited him to one year, which limitation still continues, can now, despite said limitation, claim discharge on the sole ground that now, under the new statute, he can do what he could not have done before the new statute was passed. The difficulties are insurmountable. It can not be held that the amendments were designed to do what they do not do expressly or impliedly. The limitation in question has not been altered or removed. The excuse offered is not within the letter or spirit of the decision in Re Donaldson [supra]. The court rules that the bankrupt is not entitled to his discharge on the facts presented, and his application is refused at his costs. Ordered accordingly.

[The decision in this case was affirmed in the circuit court upon review. In re Lowenstein, Case No. 8,573.]